May it please the Court, Your Honors. My name is Adam Loacano from the Office of Sean Sedegat and I'll be representing Petitioner Francisco Morales-Alegria in his petition for review from the decision of the Board, finding him removable as an alien convicted of an aggravated felony. I'm trying to figure out how he got 16 months on a 12-month crime. Show me in the record and explain it to me. Your Honor, it's actually unclear in the record how he was... You see, it looks like a felony if he got more than a year. Yes, Your Honor. And it looks like he got more than a year, so I have trouble understanding how it can be a misdemeanor. Your Honor, from the language of the statute under which he was sentenced, it would appear that there was a separate recidivist sentencing enhancement. Well, that's kind of speculative. Can we get anything from the abstract of judgment or any other materials about the particular individual? Your Honor, it is very unclear as for the abstract... Well, isn't the problem you're not reading the statute correctly? If he's sentenced to the state prison as a felony, then the sentencing can be up to three years. That's what happened. There's no problem about it at all. There's no mystery. And the state judge specifically said there were no enhancements, so it's just a felony sentence to the state prison that more than one year only applied if he was going to a county jail. Your Honor, even if he should have been... No, isn't that right? Will you answer that? Your Honor... One year, not more than one year applies if he goes to a county jail, right? I will concede that, Your Honor. And so he was not sentenced to a county jail. He was sentenced to state prison, and therefore it was a felony. Therefore, he could be sentenced to 16 months. Yes, Your Honor. However, even if he is sentenced to 16 months for the conviction, the conviction itself is not an offense related to forgery. Well, that's a different argument. But I want to make clear, as far as I can see, 16 months was a felony sentence. The actual California Penal Code 476 under which the conviction took place is not categorically an aggravated felony based on the terms of the statute itself. The only case, published decision in which this Court has addressed INA 101-A43-R was Albilo-Figueroa in which the Court dealt with a counterfeiting, a federal counterfeiting statute. And that is the case in which the Board relied in its decision. And in that case, the Court found that a law criminalizing possession of counterfeit money where such conviction requires intent to defraud and knowledge that the money is counterfeit is clearly aimed at prohibition of counterfeiting. The statute at Bar 476 does not contain the same knowledge requirement. But isn't under both Federal and State law, as I understand it, it's understood that an intent to defraud includes knowledge. There's State law, recent case law to that effect, not about the statute, but in general. And there is Federal case. The Federal statutes basically read the same way. They don't specifically say knowledge. With regard to the California statute, when the California legislature intended there to be a knowledge requirement, it expressly did so. If one were to look at California Penal Code 475-A, a related statute, there is an expressed requirement of knowledge. However, 476, the statute under which the conviction at issue was obtained, does not contain the same language. It says with intent to defraud. Yes, Your Honor. However, 475-A says knowing the same to be forged, altered, or counterfeit. When the legislature ---- I'm missing something. He's convicted of 476. 476 says with intent to defraud. Yes, it does, Your Honor. However, it does not have an express knowledge requirement as the California legislature explicitly imposed under another related statute, 475-A. So comparing the ---- But what's your argument then? I mean, it's a very strange argument because it's basically that even though the California statute ---- forgery statutes and the Federal forgery statutes basically read the same way, the California ---- right? Because the Federal forgery statutes in general don't have a separate knowledge requirement either. So even though they read the same way, the Federal ones are narrower than the State ones. Yes, it is, Your Honor, because the statute at issue in Alvillo had been looked at by this Court previously, and this Court had found a knowledge requirement. However, it's ---- that statute was not implemented in the same context. The California legislature clearly included a knowledge requirement expressly when it intended to do so. That's separate from the way that the Federal statutes have been presented. Is there any legislative history of the 1998 amendments which dropped the knowledge language about why it didn't? Your Honor, I'm unaware of, at this time. Further, when the State appeals courts addressed the same statute in People v. McKenna in 1938 and People v. Morgan in 1956, they considered the elements of the offense and did not include a knowledge requirement. They merely required false making or alteration or uttering of the document with the intention to fraud. Yes, but that wasn't the issue in the case. So they never had it in either case. So there's no reason to spin out what intent to fraud means. They didn't say that there was no knowledge requirement. It just wasn't the issue in the case. It was not the issue in the case. Correct. California has something they call wobblers that can be the same conduct and it can be lead to a conviction of either a felony or a misdemeanor. Is this a wobbler? That word war in the statute where it says he can be sent to prison or jail for less than a year. Take a look at that. Your Honor, it's our position that the way that the language of the statute is framed that the maximum sentence would be one year in either situation. No, that's what we just went through with you. Yes, Your Honor. He's sentenced to state prison and it can be three years. You're sort of ignoring the word or, I guess. I guess your argument requires that we ignore the word or, doesn't it? It may, Your Honor. However, the determinative issue wouldn't even be the sentencing. It would be the actual issue of whether it's an offense related to forgery. Are you aware of a case from 1996 called People v. Booth, which is not about the statute but about an instruction, but it says, it's a California appellate case, and it says quite plainly that intent to defraud includes knowledge of a falsehood. And this statute was amended in 1998. I don't think there's some inference that perhaps they thought they didn't need to knowledge anymore because the California courts have said that intent to defraud includes knowledge. Your Honor, I'm not familiar with that case specifically. However, that still wouldn't explain why the California legislature would expressly require knowledge in one statute and leave the language out in another. There's an assumption that none of the language is superfluous. And is there no California case law on this statute since 1998? On this 476, I've been unable to find, Your Honor. I'm looking at your – at the Respondent's opening brief on appeal to the BIA. And in that brief, I do not see the argument that the Respondent was convicted merely of a misdemeanor and not of a felony. No, that specific argument wasn't raised. However, the issue of whether the conviction at issue constitutes an aggravated felony. Well, all it argued, it said it doesn't constitute an aggravated felony because it doesn't have the mental element of intent. But it doesn't argue that it's a misdemeanor because he can only be sent to jail for less than a year. No, it does not, Your Honor. Is that right? Yes, Your Honor. The brief below before the Board also addresses the issue that the California Penal Code, Section 476, criminalizes mere possession of the forged document, as opposed to the model penal code definition of forgery, which does not include such a provision. I wonder if we don't even reach the 16 months felony because it wasn't argued to the BIA. Your Honor, I am Petitioner's position that the issue was raised in the general terms of this is not an aggravated felony because it does not meet the definition under 101-A43-R, which would include whether it's an events-related forgery and the 1-year sentence had been imposed. I'd like to reserve my remaining time. Thank you, counsel. You were over time, actually. Good morning. May it please the Court. Arthur Raven for the Attorney General in this case. The Court should dismiss the petition for review in this case for lack of jurisdiction because the Petitioner in this case was convicted of an aggravated felony. The crime here reads statutorily almost exactly like the crime did in Albedo Figueroa. And we have cited at least one California appellate court, as Judge Bergen has cited others, that do require a knowledge element. So to say that the ---- Wait a minute. There is no case, as far as I know. Do you know of one about this statute since it was amended as to whether by taking out the knowledge element they meant anything? No. I don't know of any that were post-amended. I'm talking about ---- Pre-amended is not very useful because pre-amended said knowledge. What about post-amended? Post-amended, I'm not aware of any cases that have said ---- that address that specific issue. So it's an odd business because it had knowledge in it. It took it out. We're construing a California statute. We're not a California court. It's true that there are some other statutes floating around in California that do talk about knowledge and intention to fraud. So what do we make of it? Well, Your Honor, as you said, similar to the federal statute, intent to defraud would require the knowledge that whatever it is that they're intending to defraud with is fictitious. That seems pretty logical. And there are some California laws, I say, that says this quite clearly in other context in 1996. But they took it out. Weird. I cannot guess why. But, you know, to have a conviction under the statute, we would argue that it would require knowledge. I mean, similar to any other forgery statute. And we have to remember that the aggregate felony in this case does not specifically say it has to be a forgery conviction. It has to be related to a forgery conviction. And Albia Figueroa made clear that that reading of that related to part in the immigration statute should be broadly construed. It would seem likely that if, in fact, this was a crime without a knowledge element, that we wouldn't regard that as within the federal statute even on a related to theory because it's really quite essential to what fraud is. If we really thought that's what it said. But there is evidence in this case, at least I can't see that there was no knowledge requirement. It's just not clear. That wouldn't be evidence. If it's not clear, what do we do next? I mean, it's not an evidence problem. It's a California construction problem in which there are pretty good arguments on each side, really. I'm thinking it has nothing to do with evidence. It has to do just as Judge Berzon says with reading the statute. And I thought what your argument was going to be about is can you have an intent to defraud or utter a fictitious bill without knowledge that it's fictitious. And surely there are California cases addressing that. I haven't found any, Your Honor. You look. I did. And the only one I found was the People v. Walker. But that's, you know, a 1911 case. There is a 1996 case called People v. Booth, which is construing an instruction that doesn't have a knowledge element. And it says one simply cannot intend to fraud another by submitting false information unknowingly. Right? So there is California case law, and interestingly enough, it was shortly before this amendment. But it's not about the statute, or any statute, in fact. So it's a puzzle. It is, Your Honor. I would just say that it would seem that the California court or the California legislature would not have changed that drastically, a statute to take out out of a forgery statute an essential element of forgery. And why would it make it? So why did it do the amendment at all? What was the point? What was it doing? It may have been oversight. I don't know, Your Honor. Well, it wasn't oversight because it had a perfectly good statute sitting there, and it changed it for some reason. Yeah. I don't know, Your Honor. Well, you could say it was just superfluous. I thought it was an unnecessary thing. But if you intend to do something fraudulent, you know what you're doing. That's correct, Your Honor. I mean, that was the argument that I thought is required under the Federal statute also. I mean, the element is read similarly. And as far as the Petitioner's argument that the conviction in this case was too short or that we can't determine as to what amount of years he received, that claim was never raised to the BIA, who was perfectly confident to review that issue. And so we would contend that that is not an exhaustive issue for this Court to consider and that it's also based on extra record material and speculation of counsel. Counsel cannot point to anything in here to say, well, Petitioner only received six months for forgery and then something else for some, you know, another amount of time for the 16 months for something else. So we would submit that not only is it an exhaustive, but it's also based on speculation by counsel. Subject to the Court's questions, that concludes my argument. Thank you very much.
judges: Noonan, Kleinfeld, Berzon